# NO. 12-15-00168-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TAZZIE MAE GRAY,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Tazzie Mae Gray appeals her conviction for unlawful restraint. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of unlawful restraint, exposing the victim to a substantial risk of serious bodily injury, a second degree felony. The indictment also included a felony enhancement paragraph.[1] Appellant pleaded "guilty" to the offense charged in the indictment. Appellant and her counsel signed various documents in connection with her guilty plea, including a stipulation and judicial confession in which Appellant swore, and judicially confessed, that the facts alleged in the indictment were true and correct, and constituted the evidence in the case. Appellant also pleaded "true" to the enhancement paragraph. The trial court accepted Appellant's plea, adjudged Appellant guilty of unlawful restraint, exposure to serious bodily injury, and found the enhancement paragraph to be "true." The trial court assessed Appellant's punishment at ten years of imprisonment, but ordered that

---

[1] Appellant was also charged with the offense of aggravated assault with a deadly weapon, a first degree felony, as "Count 1" in the same indictment. However, Appellant does not appeal the conviction of that offense.

Appellant's sentence be suspended, and placed Appellant on community supervision for ten years.

Later, the State filed a second amended motion for revocation, alleging that Appellant had violated the terms of her community supervision. The State abandoned the last three paragraphs of its motion to revoke, and Appellant pleaded "true" to the remaining allegations in the motion. After a hearing, the trial court found the allegations to be "true," revoked Appellant's community supervision, and assessed her punishment at ten years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. We have reviewed the record for reversible error and have found none.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw in the case. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary

---

[2] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that she had the right to file her own brief. Appellant was given time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.

review.  *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the day the last timely motion for rehearing was overruled by this court.  *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 27. 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 27, 2016

NO. 12-15-00168-CR

**TAZZIE MAE GRAY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1118811)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*